## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND )
ETHICS IN WASHINGTON )
1400 Eye Street, N.W., Suite 450 )
Washington, D.C.  20005 )
)
     Plaintiff, )
)
     v. )     Civil Action No.
)
U.S. DEPARTMENT OF DEFENSE )
1400 Defense Pentagon )
Washington, D.C.  20301-1400 )
)
     Defendant. )
      )

### COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, challenging the failure of the United States Department of Defense ("DOD") to fulfill the request of Citizens for Responsibility and Ethics in Washington ("CREW") for the DOD database that DOD is required to create and maintain under Section 847(b) of the National Defense Authorization Act for Fiscal Year 2008.

2. This case seeks declaratory relief that the DOD is in violation of the FOIA, 5 U.S.C. §§ 552(a) and (b), for failing to respond to plaintiff's request for records and injunctive relief ordering defendant DOD to classify plaintiff as a member of the news media for fee status purposes, grant plaintiff a public interest fee waiver and process immediately the requested records in their entirety.

### JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the DOD pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction

over this action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.  Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a nonprofit corporation, organized under section 501(c)(3) of the Internal Revenue Code.  CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials.  CREW seeks to empower citizens to have an influential voice in government decisions and in the governmental decision-making process through the dissemination of information about public officials, federal agencies and entities, and their actions.  To advance its mission, CREW uses a combination of research, litigation, and advocacy.  As part of its research, CREW uses government records made available to it under the FOIA.

5.  CREW has invested considerable organizational resources in pushing the U.S. government to take issues of ethics and responsibility seriously.  CREW monitors closely the laws and rules applicable to government agencies and government officials.

6.  CREW is harmed by the DOD's failure to comply with the FOIA because that failure hampers CREW's ability to satisfy the compelling public need for full, accurate, and current information required to be maintained in the requested database of opinions of ethics counselors by federal statute.

7.  Defendant DOD is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702. The DOD is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request.

2

## STATUTORY FRAMEWORK

### The Freedom of Information Act

8. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

9. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

10. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B). Any such delay may not exceed an additional ten working days beyond the initial 20-working-day period mandated by the FOIA. Id.

11. The FOIA also requires each agency to promulgate specifically a fee schedule for the processing of FOIA requests and establishing procedures and guidelines for the waiver or reduction of fees. 5 U.S.C. § 552(a)(4)(A). Defendant DOD's fee waiver regulations are found at 28 C.F.R. Part 286.28. Both the FOIA and DOD regulations provide that documents should be produced at no charge to the requester at a reduced charge if "disclosure of the information in the public interest because it is likely to contribute significantly to public understanding of the operation of the government and is not primarily in the commercial interest of the requester. 5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. Part 286.28(d)(1).

12. The FOIA expressly limits an agency's authority to recover processing fees for certain categories of requesters. In particular, the statute requires agency regulations to provide

that a "representative of the news media" who requests records from an agency for a non-commercial use may be charged only fees for record duplication. Such a requester may not be charged fee for search for or reviewing the records. 5 U.S.C. § 552(a)(4)(A)(ii).

13. The FOIA defines a representative of the news media as:

'a representative of the news media' means any person or entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience. In this clause, the term "news" means information that is about current events or that would be of current interest to the public. Examples of news-media entities are television or radio stations broadcasting to the public at large and publishers of periodicals (but only if such entities qualify as disseminators of "news") who make their products available for purchase by or subscription by or free distribution to the general public. These examples are not all-inclusive. Moreover, as methods of news delivery evolve (for example, the adoption of the electronic dissemination of newspapers through telecommunications services), such alternative media shall be considered to be news-media entities. A freelance journalist shall be regarded as working for a news-media entity if the journalist can demonstrate a solid basis for expecting publication through that entity, whether or not the journalist is actually employed by the entity. A publication contract would present a solid basis for such an expectation; the Government may also consider the past publication record of the requester in making such a determination.

5 U.S.C. §§ 552(a)(4)(A)(iii); 32 C.F.R. Part 286.28(e)((iii)

14. An agency must produce all responsive records except to the extent they, or any portion thereof, fall into one of nine specified exemptions. 5 U.S.C. § 552(b).

15. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).


## FACTS UNDERLYING PLAINTIFF'S PRAYER FOR RELIEF

16. Section 847 of the National Defense Authorization Act for Fiscal Year 2008 required certain senior DOD acquisition officials to seek a post-employment ethics letter before accepting

compensation from DOD contractors.  It also required DOD ethics officials to write an opinion

letter on the issue within 30 days after receiving a request, and then place copies of the letters in

a centralized database or repository.  Section 847 of the National Defense Authorization Act for

Fiscal Year 2008 (Public Law 110-181).

17.  A June 18, 2010 report from the DOD's Inspector General found that the DOD had

not completed the creation of its database.  *See Review of DOD Compliance with Section 847 of

the NDAA for 2008,* available at http://www.dodig.mil/SPO/Reports/SPO-2010-003_508.pdf.

18. In December 2010, the *Boston Globe* reported on the frequency of former high level

DOD officials going to work for government contractors, where they would be involved in

meetings at the Pentagon on issues closely related to matters in which they had been involved as

DOD officials.  *See* Bryan Bender, From the Pentagon to the Private Sector, *Boston Globe*, Dec.

26, 2010.

### Plaintiff's FOIA Request and the DOD's Response

19.  In light of the issues described in paragraphs 16-18, plaintiff submitted a FOIA

request to the DOD seeking a copy of the database the DOD is required to create and maintain

under Section 847 of the National Defense Authorization Act for Fiscal Year 2008.

20.  CREW sought a waiver of fees associated with processing its request given that the

request concerns the operations of the federal government, the disclosures likely will contribute

to a better understanding of relevant government procedures in a significant way, and the request

primarily and fundamentally is for non-commercial purposes.  Specifically, CREW noted that the

requested records are likely to contribute to greater public awareness and understanding of the

revolving door phenomenon and potential conflicts of interest that it raises when former defense

officials take lucrative new positions in the defense industry.

21.  CREW also sought to be classified as a representative of the news media, and as such to not be charged search or review fees for this request.  In support of this request, CREW explained how it reports on and analyzes information received from FOIA requests, and how it also disseminates information to the public via its website, online newsletter, blog, and reports on government activities.

22.  By e-mail dated June 8, 2012, Adrienne M. Santoos, FOIA Analyst, denied CREW's request to be classified as a member of the news media.  Ms. Santoos stated that because CREW's primary activity is not publishing or disseminating information, CREW is not entitled to be classified as news media for purposes of fees.  Ms. Santoos classified CREW as "other" for fee waiver purposes.

23. In her June 8, 2012 email, Ms. Santoos also stated that a public interest fee waiver decision could not be made until "a search for responsive records can be made and the volume and nature of any responsive records has been determined."  Ms. Santoos then asked for a promise from CREW to pay fees beyond the two hours of search time CREW receives free.

24.  By letter dated June 15, 2012, CREW filed an administrative appeal of the decision to deny it news media status and not make a public interest fee waiver decision until a later date.

25. By letter dated August 30, 2012, William E. Brazis, Deputy Director of Administration and Management, denied CREW's appeal.  Specifically, Mr. Brazis stated CREW did not merit status as a member of the news media because it failed to meet two of the three standards he believed were required to be classified as a member of the news media.  Specifically, Mr. Brazis stated CREW does not "gather information for public interest, but rather selectively gathers information that furthers its own interests."  Further, Mr. Brazis stated that

CREW has not proven it has the ability to disseminate information to the general public, but rather only to" a select group of subscribers."

26. In his August 30, 2012 letter, Mr. Brazis also stated CREW is not entitled to a public interest fee waiver because it fails to meet two of four factors meriting such a fee waiver. Specifically, Mr. Brazis claimed CREW has not provided evidence how the requested "information will 'contribute to the public understanding.'" Nor, according to Mr. Brazis, has CREW shown "how this information will 'significantly' contribute to public understanding of government operations."

27. Neither of DOD's decisions regarding CREW's request to be placed in the news media fee category and for a public interest fee waiver are based on actual FOIA law or fact.

28. To date, the DOD has neither produced a single document to CREW nor withheld or otherwise accounted for any responsive documents.

29. The statutory time for the DOD to respond to CREW's April 25, 2012 FOIA request has run out and plaintiff has constructively exhausted its administrative remedies. 5 U.S.C. §§ 552(a)(6)(C) and 552(a)(6)(B); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 62 (D.C. Cir. 1990).

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
### (Failure to Produce Records)

30. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

31. Plaintiff properly asked for records within the custody and control of the DOD.

32. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant makes an explicit and justified statutory exemption claim.

33. The DOD has produced no records to CREW.

34.  Therefore, the DOD violated FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested.  5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

### CLAIM TWO
### (Improper Denial Of Fee Waiver And Fee Status As Media Requester)

35.  Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

36.  Plaintiff has demonstrated it is entitled to a waiver of fees associated with processing its FOIA request because disclosure of responsive records likely will contribute significantly to public understanding of the operations or activities of the government, and is not primarily in the commercial interest of the plaintiff.

37.  Plaintiff also has demonstrated it is a member of the news media because it reports on and analyzes information received from FOIA requests, and disseminates information to the public via its website, online newsletter, blog, and reports on government activities.

38.  Therefore, the DOD violated the FOIA and its own regulations when it failed to grant plaintiff a fee waiver and failed to treat plaintiff as a member of the news media for fee purposes. 5 U.S.C. §§ 552(a)(4)(A)(ii)--(iii); 32 C.F.R. Part 286.28(e)(i)-(iii).

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Issue a declaration that defendant DOD has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request of April 25, 2012;

(2)  Order defendant DOD to process immediately the requested records in their entirety at no cost to plaintiff;

(3)  Order defendant DOD upon completion of such processing to disclose the requested records and make copies available to plaintiff at no cost to plaintiff;

(4)  Award plaintiff reasonable attorney fees and litigation costs in this action pursuant to

5 U.S.C. § 552(a)(4)(E); and

(5)  Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
Scott A. Hodes (D.C. Bar 430375)
P.O. Box 42002
Washington, D.C.  20015
Phone: (301) 404-0502
Fax: (413) 641-2833


Anne L. Weismann (D.C. Bar No. 298190)
Melanie Sloan (D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (202) 408-5565
Fax: (202) 588-5020


Dated: October 3, 2012                    Attorneys for Plaintiff